UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM R. BENFORD-SMITH,

        Plaintiff,        Case No. 12-13209

vs.        HON. GEORGE CARAM STEEH

CITY OF TAYLOR, Michigan,
et al,

        Defendants.
_____/

ORDER GRANTING IN PART AND DENYING IN PART MOTION
TO DISMISS TITLE VII CLAIMS AGAINST DEFENDANTS LAMARAND,
CARTER AND ALAZAZI IN THEIR INDIVIDUAL CAPACITIES (DOC. # 18)

      This is a case alleging discrimination in employment by plaintiff Kim Benford-Smith, a long-term clerical employee of defendant City of Taylor. Benford-Smith alleges in her complaint that she has been denied promotions and demoted at various times during her employment with Taylor, on the basis of her race and sex, in violation of Title VII of the Civil Rights Act of 1964 and the Michigan Elliott-Larsen Civil Rights Act. The three individual defendants, Lamarand (the Mayor of Taylor), Carter (a co-worker), and Alazazi (current or former supervisor), move to dismiss the Title VII claims plaintiff alleges against them. Defendants make this motion on the basis of plaintiff's failure to exhaust her administrative remedies with the Equal Employment Opportunity Commission and because liability under Title VII does not exist for individual defendants. For the reasons set forth below, the court will grant defendants' motion as to the claims against them in their individual capacities.

DISCUSSION

Benford-Smith initially filed this case *in pro per* against only the City of Taylor and its mayor, Jeffrey Lamarand. Several months later, with leave of the court, Benford-Smith filed a first amended complaint including two new individual defendants, John Carter and Abderrazak Alazazi. Benford-Smith's allegations are that on a number of occasions since April 2010, she has suffered adverse employment actions (e.g. was not promoted or was demoted) on the basis of her race (African-American) and gender (female).

The three individual defendants have moved to dismiss the Title VII claims brought against them by Benford-Smith on two grounds: first, for the reason that Benford-Smith failed to exhaust administrative remedies by failing to name them in her charge with the EEOC; and second, because individuals do not face liability under Title VII. The court's consideration of and determination on these arguments is below.

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are

true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

The district court generally reviews only the allegations set forth in the complaint in determining on whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are

considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

Plaintiff named only the City of Taylor in her charge to the Michigan Department of Civil Rights, dated January 3, 2011. In that one page document entitled "Charge of Discrimination," Benford-Smith alleged that (1) she had been denied the promotion of Housing Coordinator in April 2010; (2) she was denied three different promotions for which she applied between April and June 2010; and (3) she was demoted in November 2010. She alleged her belief that each of these employment decisions was based on her race and sex and that each was a violation of Title VII of the Civil Rights Act.

The individual defendants have made the argument that they should be dismissed from this suit for the reason that plaintiff failed to exhaust her administrative remedies as to the individuals, relying on *Ang v. Procter & Gamble Co.*, 932 F.2d 540 (6th Cir. 1991). In *Ang*, the Sixth Circuit stated that federal discrimination in employment statutes' requirement that a claim be presented in a charge was "jurisdictional." *Id.* at 545. In response to defendants' argument, plaintiff argues that the law cited by defendants has been abrogated, and that under the more recent (albeit unpublished) precedent of *Hill v. Nicolson*, 383 F.App'x 503 (6th Cir. 2010), the exhaustion requirement is no longer jurisdictional. Defendants reply that while the issue of an EEOC charge and subject matter jurisdiction may have been subject to changes in the law, the EEOC's exhaustion requirement is still a condition precedent to a Title VII claim.

Defendants are correct. "Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute

-4-

of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). A charge with the EEOC, by statute, is a prerequisite to filing suit. *See* 42 U.S.C. § 2000e-5(e), (f). This proposition is recognized by the Sixth Circuit: "[b]efore a plaintiff may sue under Title VII in federal court, she must first exhaust her administrative remedies, one component of which is timely filing a 'charge' with the EEOC." *Williams v. CSX Transp. Co., Inc.*, 643 F.3d 502 (6th Cir. 2011).

The court notes, however, that a Title VII case may be pursued against a defendant not named in a charge with the EEOC under certain circumstances. Defendants acknowledge this general concept in a footnote to their reply brief. A party who was "not named in an EEOC charge may not be sued under Title VII unless there is a clear identity of interest between it and a party named in the EEOC charge." *Romain v. Kurek*, 836 F.2d 241, 244 (6th Cir. 1987), quoting *Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984). Plaintiffs make no argument, however, that there is such an identity of interest between the defendants and the City of Taylor in this case.

Two tests are used by the Sixth Circuit in determining whether a party shares such an identity of interest with another party that the failure to name the party on the EEOC charge is justified. *Alexander v. Local 496, Laborers' Union of North America*, 177 F.3d 394, 411 (6th Cir. 1999). These were discussed in *Romain*. The first test finds an identity of interest where the unnamed party has been provided with adequate notice of the charge under circumstances which afford him an opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Romain*, 836 F.2d at 245 (citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981)).

In the second test, the court considers the relationship between the named and unnamed parties, and considers:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;
>
> (2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
>
> (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;
>
> (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Romain*, 836 F.2d at 245-46.

While the court questions whether this test could be met under these circumstances, it recognizes that the parties have provided no analysis of these issues in their briefs. For that reason, the court will not dismiss on this basis.

Defendants' second argument is that a Title VII claim is not properly brought against an individual defendant. Defendants Carter and Alazazi are sued only in their individual capacities, whereas Mayor Lamarand is sued in both his individual and official capacities. Plaintiff does not seriously dispute this proposition, with which the court agrees. Thus the court will dismiss the Title VII claims as to all three individual defendants in their individual capacities. *See Griffin v. Finkbeiner*, 689 F.3d 584, 600 (6th Cir. 2012); *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997).

In defendants' reply brief, they address the Title VII claim against Mayor Lamarand in his official capacity, asserting that:

> [r]egarding Lamarand who is also sued in his official capacity, Defendant has also moved for his dismissal based on Plaintiff's failure to exhaust EEOC remedies. If the Court denies Defendants that basis for relief, then the Court should deny Lamarand's motion without prejudice and let the facts develop to determine his supervision of Plaintiff, if any.

(Defendants' Reply Brief at 4.) This approach is sound. The court has not ruled on the issue of exhaustion of administrative remedies, as set forth above. Moreover, the issue of Lamarand's status as plaintiff's "employer," as that term is used in Title VII, has not been the subject of any substantive argument by the parties.[1]

Finally, the court notes that plaintiff makes a one-line request to again amend her complaint, as a part of the relief requested at the conclusion of her response to defendants' motion to dismiss. At oral argument, plaintiff indicated a desire to attempt to allege official capacity claims against defendants Carter and Alazazi. The court will entertain a motion to amend if such motion is presented in a separate pleading, with a copy of the proposed amended complaint, giving the defendants the opportunity to respond to this request. Such a motion will be denied as futile, however, if the proposed amendment would not survive a motion to dismiss. *Brown v. Owens Corning Inv. Review Committee*, 622 F.3d 564, 574 (6th Cir. 2010). The court notes that such a proposed amendment will remain subject to the defendants' argument concerning the exhaustion of administrative remedies, as this issue has not yet been resolved by the court, as well as the issue of whether such "official capacity" claims are viable under Title VII.

---

[1] The parties have not addressed whether such claims are viable under Michigan's Elliott-Larsen Civil Rights Act. As defendants did not even mention the Michigan statute in their brief supporting the motion to dismiss, the court will not address whether dismissal of any state law claims is appropriate at this juncture.

Accordingly, the court **DENIES WITHOUT PREJUDICE** defendants' motion to dismiss on the basis of plaintiff's exhaustion of administrative remedies, as set forth above. However, the court hereby **GRANTS** dismissal of the Title VII claims against the individual defendants in their individual capacities. Those claims are hereby **DISMISSED**.

**IT IS SO ORDERED**.

Dated:  May 22, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 22, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---